In the Matter of the Estate of HARRY ALLAR, Deceased.

Surrogate's Court, Westchester County, February 28, 1962.

*David Gorfinkel* for petitioners. *Harry J. Silber* for respondent.

HARRY G. HERMAN, S. This is an application by two named beneficiaries to compel the executor to make payment to them of their distributive shares of funds realized from the sale of certain real property of the decedent.

The petitioners and the executor are the sons of the decedent. Paragraph FOURTH of the decedent's will provides: " I further direct my Executor and Trustee herein named to permit my wife, Ida, to occupy my private residence at 31 Lenard Place, Yonkers, New York, together with all furniture and household articles therein contained during her lifetime, rent free and without any costs or expenses to her, and I direct my Executor and Trustee to pay all taxes, carrying charges and repairs upon such residence, including heat, liability and fire insurance, during her lifetime."

Paragraph TWELFTH of said will provides: " Should my son, Joseph, so desire, he shall have the right to occupy the home after the death of my wife and during his lifetime, rent free, provided he pays all carrying charges which may be necessary in order to keep this house in good repair. Should he fail to occupy the house at any time, my Executor and Trustee shall have the right to rent the house or sell the same at a price not less than $20,000."

The testator thereafter in his codicil provided: " FIRST: In the event that my son, JOSEPH ALLAR, does not desire at any time to occupy the home after the death of my wife, as provided in Paragraph ' TWELFTH ' of my said Will, it is my wish that the said house shall be sold by my Executor and Trustee and the net proceeds therefrom shall be equally distributed amongst my sons, JOSEPH ALLAR, SAMUEL ALLAR and SOLOMON ALLAR, or the survivors of them."

After the will and codicil were duly admitted to probate, the wife executed and filed in this court her election to take against the will. That election is valid and it effectively terminated any life estate which the wife might have had in the premises.

Thereafter, Joseph Allar, one of the petitioners, duly renounced his rights as a life tenant and consented to the sale of the property.

The court is satisfied that the election by the widow and the renunciation by Joseph Allar caused a termination of the life estates and that the three sons, Joseph Allar, Samuel Allar and Solomon Allar, named in paragraph FIRST of the codicil are now entitled to their shares of the proceeds of the sale of the real property.

The executor is authorized to retain 25 percent of such proceeds as a reserve for the payment of estate taxes.